Citation Nr: 1806349 
Decision Date: 01/25/18 Archive Date: 02/07/18

DOCKET NO. 11-03 781 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Philadelphia, Pennsylvania


THE ISSUE

Entitlement to service connection for an eye disorder (other than a left pterygium), to include refractive error. 


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


WITNESSES AT HEARING ON APPEAL

The Veteran and his interpreter


ATTORNEY FOR THE BOARD

B. G. LeMoine, Associate Attorney


INTRODUCTION

The Veteran performed active duty for training (ACDUTRA) from August 1978 to February 1979.

This matter comes before the Board of Veterans' Appeals (Board) on appeal of a June 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Philadelphia, Pennsylvania.

In November, 2012, the Veteran, through an interpreter, testified at a hearing before the undersigned Veteran's Law Judge (VLJ) at the RO. A transcript of the hearing has been associated with the Veteran's claims file. 

The Board remanded the case in January 2015. Thereafter, in a March 2016 decision, the Board denied the Veteran's claim for entitlement to service connection for an eye disorder (other than a left pterygium), to include refractive error. The Veteran appealed that decision to the United States Court of Appeals for Veterans Claims (Court). In July 2017, the Court issued a Memorandum Decision vacating the decision and remanding the matter to the Board for further consideration. The matter is now before the Board on remand from the Court for actions consistent with the July 2017 Memorandum Decision. 
 
The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Board finds that this matter must be remanded for further development before a decision may be made on the merits.

In its July 2017 Memorandum Decision, the Court found that the Board erred in its March 2016 decision because the April 2015 VA examination did not substantially comply with the January 2015 Board remand directives and was inadequate for adjudication purposes. Specifically, the Court determined that the April 2015 VA examination failed to acknowledge or discuss the existence of the Veteran's records showing in-service eye treatment in October 1978 and January 1979, and post-service eye treatment in September and October 1979 and from February 2010 to August 2012 as directed by the January 2015 Board remand. Additionally, the Court determined that the April 2015 medical examiner did not acknowledge or discuss the Veteran's right eye temporal pinguela, arcus of both eyes, chronic conjunctivitis, and arcus juvenilis as directed by the January 2015 Board remand. Finally, the Court determined that the April 2015 VA examination report contained merely conclusory statements with no reasoned medical explanation for its medical conclusions. The Court noted that the VA examiner did not engage in any discussion of why the Veteran's eye conditions were not related to service, and thus the examination is inadequate. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 301 (2008). 

In light of the July 2017 Memorandum Decision, the Board finds that a new VA medical opinion is required to determine the nature and etiology of the claimed eye disorder. See Barr v. Nicholson, 21 Vet. App. 303 (2007). 

Accordingly, the case is REMANDED for the following action:

1. Obtain a VA addendum opinion from a suitably qualified VA examiner concerning the nature and etiology of the claimed eye disability. The claims file must be made available to and reviewed by the examiner. Following review of the claims file, the examiner is asked to respond to the following:

a) Whether it is at least as likely as not (50 percent probability or greater) that any eye disorder since the Veteran's period of ACDUTRA service from August 1978 to February 1979 is related to such service; and

b) For any congenital or developmental defects of the eyes, including refractive error, whether it is at least as likely as not (50 percent probability or greater) that any such defect was subject to a superimposed disease or injury during the Veteran's ACDUTRA service, including his service-connected pterygium, that resulted in increased disability, including any increased loss of vision. 

The VA examiner must specifically address the Veteran's in-service eye treatment in October 1978 and January 1979, and post-service eye treatment in September and October 1979 and from February 2010 to August 2012.

The VA examiner must also specifically address the Veteran's right eye temporal pinguela, arcus of both eyes, chronic conjunctivitis, and arcus juvenilis. 

A complete rationale for all opinions must be provided. 

2. After completing the above, and any other development deemed necessary, readjudicate the issue remaining on appeal. If the benefit sought remains denied, provide an additional supplemental statement of the case to the Veteran and his representative. A reasonable period should be allowed for response before the appeal is returned to the Board. 









The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).




_________________________________________________
D. C. SPICKLER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100 (b) (2017).